File No: 25-20-739
Floyd G. Cottrell, Esq./009391985
**COTTRELL LAW GROUP**
3 University Plaza Drive, Suite 500
Hackensack, New Jersey 07601
Phone: (973) 643-1400, ext. 13
Fax: (973) 643-1900
*Attorneys for Defendant, Walmart Inc.*

|  |  |
|---|---|
| TRAVONNAH NEWBORN,<br><br>                    Plaintiff,<br><br>          vs.<br><br>WALMART INC., ABC CORPS 1-10<br>t/a WALMART (fictitious names),<br>DEF CORPS 1-10 (fictitious<br>names), JOHN DOES 1-10<br>(fictitious names), RICHARD<br>ROES 1-10 (fictitious names),<br>and GHI CORPS 1-10(fictitious<br>names),<br><br>                    Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION – ESSEX COUNTY<br><br>Docket No. ESX-L-9828-21<br><br>Civil Action<br><br><br><br>**PETITION FOR REMOVAL** |

Removing Defendant, **WALMART INC.,** (hereinafter referred to as "Removing Defendant"), upon information and belief, states as follows:

1. On or about December 27, 2021, Plaintiff Travonnah Newborn commenced an action against the Removing Defendant in the Superior Court of New Jersey, County of Essex, bearing Docket Number ESX-L-9828-21.  A copy of the Complaint is annexed hereto as **Exhibit "A"**.

2. Plaintiff is a resident of the State of New Jersey. (See, **Exhibit "A"**, Complaint).

3.   Removing Defendant is a corporation organized and existing under the laws of the State of Delaware with a principal place of business in Bentonville, Arkansas.

4.   Removing Defendant was served with Plaintiff's Complaint less than thirty (30) days ago.

5.   Upon information and belief, the amount in controversy is more than $75,000.00.

6.   Accordingly, this Court has diversity jurisdiction of this action pursuant to 28 U.S.C § 1332, and Removing Defendant is entitled to removal of this action pursuant to 28 U.S.C § 1441.

**WHEREFORE**, Removing Defendant prays that this action be removed to the United States District Court for the District of New Jersey, pursuant to 28 U.S.C § 1441 and § 1446.

**COTTRELL LAW GROUP**
*Attorneys for Defendant,*
*Walmart Inc.*

By: _____
    Floyd G. Cottrell, Esq.
    (973) 643-1400, ext. 13
    (fcottrell@cs-njnylawfirm.com)

Dated: March 11, 2021

2

# EXHIBIT A

**DRESKIN & DRESKIN, P.C.**
**42 EAST WESTFIELD AVENUE, SUITE 1**
**ROSELLE PARK, NJ 07204**
**973-622-3033**
**Attorney for Plaintiff**
**By: Michael Dreskin, Esq.**
**Attorney ID: 024711995**

| | |
|---|---|
| **TRAVONNAH NEWBORN,** <br><br> **Plaintiff,** <br><br> vs. <br><br> **WALMART  INC., ABC CORPS 1-10 t/a WALMART (fictitious names), DEF CORPS 1-10 (fictitious names), JOHN DOES 1-10 (fictitious names), RICHARD ROES 1-10 (fictitious names), and GHI CORPS 1-10(fictitious names)** <br><br><br> **Defendants.** | **SUPERIOR COURT OF NEW JERSEY** <br> **LAW DIVISION:  ESSEX COUNTY** <br> **DOCKET NO.:** <br><br> **CIVIL ACTION** <br><br> **COMPLAINT AND JURY DEMAND** |

Plaintiff, Travonnah Newborn, residing at 19 Stratford Place, Newark, New Jersey, by way of complaint says:

### FIRST COUNT

1.      On or about December 28, 2019, plaintiff, Travonnah Newborn, was a lawful business invitee upon the premises located at or about 150 Harrison Avenue, Kearny, New Jersey, which premises were owned, operated, maintained, inspected and/or controlled, as owner, landlord, property manager, lessee and/or lessor of the land, property, store, or business at that location, by the defendant Walmart Inc., defendant ABC Corps 1-10 t/a Walmart, said names being fictitious and presently unknown, defendant DEF Corps 1-10, said names being fictitious and presently unknown, and/or Defendant JOHN DOES 1-10, said names being fictitious and presently unknown.

**Page 1 of 5**

2.      At the time and place aforesaid, Defendants' premises were in a dangerous condition, containing unduly dangerous hazards as a result of the failure of defendants and/or its agents, servants and/or employees to inspect, clean, mop, clear, maintain, and/or control, the floor of defendant's store, and/or warn and protect business invitees and lawful customers against the hazards of the same.

3.      As a direct and natural result of the carelessness, recklessness and/or negligence of the defendants, and a dangerous condition of which defendants created and/or had actual and/or constructive notice and knowledge, the plaintiff was caused to slip and fall on a slippery substance such as a liquid soap on the defendants' store floor, causing the plaintiff to sustain severe permanent injuries, causing her to endure great pain and suffering, and she has been and will be in the future compelled to spend great sums of money for medical aid and treatment, and has been and will be prevented from attending to her usual occupation, duties, activities and business.

**WHEREFORE,** Plaintiff Travonnah Newborn demands judgment against these defendants, Walmart Inc., ABC Corps 1-10 t/a Walmart, DEF Corps 1-10 and John Does 1-10, for damages together with interest and costs of suit.

## SECOND COUNT

1.      Plaintiff repeats each and every allegation contained in the First Count of the Complaint as if set forth at length herein.

2.      Defendants through their agents, servants and/or employees created and/or

allowed a nuisance to exist on their premises and/or in their store which was the proximate cause of the injuries and damages pleaded aforesaid.

**WHEREFORE,** Plaintiff Travonnah Newborn demands judgment against these defendants, Walmart Inc., ABC Corps 1-10 t/a Walmart, DEF Corps 1-10 and John Does 1-10, for damages together with interest and costs of suit.

## THIRD COUNT

1.      Plaintiff repeats each and every allegation contained in the First Count and the Second Count of the Complaint as if set forth at length herein.

2.      Defendants were responsible for maintaining a safe and hazard free property, store and/or store floor for lawful business invitees while using the defendants' property/store.

3.      As a direct and natural result of said defendants' failure to provide said safe and hazard free property, store and/or store floor, and/or to warn its customers against the dangers of same, and in not inspecting, cleaning, mopping, clearing, maintaining, correcting and/or controlling the dangerous and defective condition on the floor at said property and failing to make said area safe, plaintiff was caused to slip and fall on liquid soap on the floor of the defendants' store and sustain the damages, injuries and losses pleaded aforesaid.

**WHEREFORE,** plaintiff Travonnah Newborn demands judgment against these defendants, Walmart Inc., ABC Corps 1-10 t/a Walmart, DEF Corps 1-10 and John Does 1-10, for damages together with interest and costs of suit.

## FOURTH COUNT

1.       Plaintiff repeats each and every allegation contained in the First, Second and Third Counts of the Complaint as if set forth at length herein.

2.       Defendants RICHARD ROES 1-10, said name being fictitious and presently unknown, and Defendant GHI CORPS 1-10 said name being fictitious and presently unknown, and/or the co-defendants were parties/entities responsible for the maintenance, cleaning, janitorial services, clearing and removal of hazards, inspection, and or control of the Walmart store, shelves, floor and aisle where Plaintiff sustained her slip and fall accident, and/or were the entities responsible to warn and protect others against the hazards of the same.

3.       As a direct and natural result of the breach of their duties and obligations in properly maintaining, cleaning, clearing, removing, inspecting and/or controlling the property and/or the Walmart store and/or warning against the dangers of same, and making said area safe for the pedestrian travel, plaintiff was caused to slip and fall and sustain the damages, injuries and losses pleaded aforesaid.

       **WHEREFORE,** Plaintiff Travonnah Newborn demands judgment against these defendants, Richard Roes 1-10 and GHI Corps 1-10, for damages together with interest and costs of suit.

## JURY DEMAND

Plaintiff Travonnah Newborn hereby demands a trial by jury on all of the triable issues of this Complaint.

DRESKIN & DRESKIN, P.C.
Attorney for Plaintiff

By: _____
MICHAEL DRESKIN, ESQ.

DATED:  December 23, 2021

## CERTIFICATION PURSUANT TO R. 4:5-1

I certify that the matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding and that no such action or arbitration proceeding is contemplated.  To Plaintiff's knowledge, no other party should be joined to this action.

DRESKIN & DRESKIN, P.C.
Attorney for Plaintiff

By: _____
MICHAEL DRESKIN, ESQ.

DATED:  December 23, 2021

# Civil Case Information Statement

## Case Details: ESSEX | Civil Part Docket# L-009828-21

**Case Caption:** NEWBORN TRAVONNAH VS WALMART INC.

**Case Initiation Date:** 12/27/2021

**Attorney Name:** MICHAEL DRESKIN

**Firm Name:** DRESKIN & DRESKIN, PC

**Address:** 42 EAST WESTFIELD AVE STE 1 ROSELLE PARK NJ 07204

**Phone:** 9736223033

**Name of Party:** PLAINTIFF : NEWBORN, TRAVONNAH

**Name of Defendant's Primary Insurance Company (if known):** Unknown

**Case Type:** PERSONAL INJURY

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 6 JURORS

**Is this a professional malpractice case?** NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Are sexual abuse claims alleged by:** TRAVONNAH NEWBORN? NO

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
**If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
**If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO **Title 59?** NO **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

12/27/2021
Dated

/s/ MICHAEL DRESKIN
Signed